UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher A. Vaughn, | ) C/A No. 8:09-2878-MBS-BHH |
| Petitioner, | ) |
| vs. | ) |
| Warden Reed, Manning Correctional Institution, | ) |
| | ) Report and Recommendation |
| Respondent. | ) |

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA),Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, this *pro se* petition is subject to summary dismissal. The requirement

of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

Background

On November 9, 2009, Petitioner filed the instant habeas action pursuant to 28 U.S.C. § 2254 challenging convictions imposed by the Greenville Court of General Sessions in 1999. (Docket Entry No. 1). The petition indicates that, after a jury trial, Petitioner was convicted of the offense of Distribution of Crack Cocaine on August 10, 1999 and sentenced to sixteen (16) years of incarceration. Petitioner further states that he entered a guilty plea to the offense of Trafficking Cocaine on November 10, 1999 and received a concurrent ten (10) year sentence for that offense. Petitioner states that he appealed from the judgment of convictions, but provides no further information regarding any direct appeal or post conviction relief (PCR) actions that may have been filed.

The Petition claims that: (1) Petitioner's sentences have been erroneously calculated; (2) the sentencing court lacked subject matter jurisdiction and Petitioner was deprived of due process; (3) Petitioner's sentences were vacated by an order issued on January 8, 2004, however, the South Carolina Department of Corrections (SCDC) continues to hold Petitioner in custody; and (4) actual innocence. An attachment to the petition explains that, approximately four and one-half years into Petitioner's sentences, SCDC contacted the Greenville County Solicitor's Office regarding discrepancies in Petitioner's sentencing sheets. On January 8, 2004, the Honorable Judge Edward Miller issued an order stating that, due to a clerical error, Petitioner's sentencing sheets contained incorrect criminal data report (CDR) codes. The order further authorized the

amendment of Petitioner's sentencing sheets to reflect the correct CDR codes. This CDR code correction resulted in Petitioner's release date being changed from February 8, 2008 to March 12, 2013. Thus, Petitioner claims his sentences have fully expired, and he seeks immediate release from the custody of SCDC.

## Discussion

The present petition is the second § 2254 action filed by Petitioner with respect to his convictions.[1] Petitioner's first petition, Civil Action Number (C/A No.) 8:07-00357-MBS, resulted in summary judgment being granted for the Respondents on March 31, 2008.[2] In the Order and Opinion adopting the Magistrate Judge's recommendation, the District Judge concurred with the Magistrate Judge's conclusion that the petition, in C/A No. 07-00357, was untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) statute of limitations. The District Judge also found that Petitioner's claims were procedurally defaulted, thus precluding federal review. The United States Court of Appeals for the Fourth Circuit Court has held "that dismissal of a habeas petition for procedural default is a dismissal on the merits for purposes of determining whether a habeas petition is successive." *Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002)(recognizing that a dismissal based on procedural default "is critically different from a dismissal for failure to

---

[1] The Court may take judicial notice of proceedings had before it in a prior suit with the same parties. *Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'").

[2] Petitioner appealed the decision in C/A No. 07-357 to the United States Court of Appeals for the Fourth Circuit, which denied a certificate of appealability and dismissed Petitioner's appeal in May of 2009.

exhaust which does not prevent federal habeas review at a later date")(collecting cases). Therefore, the present petition should also be dismissed.

"Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). On April 24, 1996, the President signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153.

> The AEDPA effected a number of substantial changes regarding the availability of federal post conviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651, [657] (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

*In re Vial*, 115 F.3d at 1194 (footnote omitted).

The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(C); *see* §§ 2244(b)(3)(B), (D).

*Felker v. Turpin*, 518 U.S. 651, 657 (1996).

In order for this Court to consider a second or successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the

4

Fourth Circuit under 28 U.S.C. § 2244(b)(3). *See In re: Williams*, 330 F. 3d 277 (4th Cir. 2003); *In re: Fowlkes*, 326 F. 3d 542 (4th Cir. 2003). Petitioner can obtain the necessary forms from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit. Because Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file the within petition in the district court, this Court does not have jurisdiction to consider it.

Recommendation

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the Respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). Petitioner's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks<br>United States Magistrate Judge

November 23, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).