IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Christopher A. Vaughn, ) | |
| ) | C.A. No. 8:09-2878-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Warden Reed, Manning Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Christopher A. Vaughn is an inmate who is currently housed at the Manning Correctional Institution. On November 9, 2009, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions and sentences imposed by the Greenville Court of General Sessions in 1999. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. On November 23, 2009, the Magistrate Judge issued a Report and Recommendation recommending that Petitioner's case be dismissed without prejudice and without issuance and service of process upon Respondent finding that the petition is successive. On December 15, 2009, Petitioner filed objections to the Report and Recommendation. On January 6, 2010, Petitioner amended his objections to the Report and Recommendation.

## BACKGROUND

In his petition, Petitioner states that on August 10, 1999, he was convicted of Distribution of Crack Cocaine after a jury trial and sentenced to sixteen (16) years of imprisonment. Petitioner further states that on November 10, 1999, he pleaded guilty to Trafficking Cocaine and received a ten (10) year concurrent sentence. Petitioner indicates that he appealed his convictions, but does not

provide details on any direct appeals or post-conviction relief (PCR) actions that he may have filed.

Petitioner asserts the following grounds for relief: 1) erroneous calculation of sentences; 2) deprivation of due process/ lack of subject matter jurisdiction; 3) "sentences were vacated yet [the South Carolina Department of Corrections ('SCDC')] is still holding petitioner;" and 4) actual innocence related to Petitioner's current confinement. An attachment labeled "Supporting Facts" states that, approximately four and one-half years into Petitioner's sentences, SCDC inquired with the Greenville County Solicitor's Office regarding discrepancies in Petitioner's sentencing sheets. On January 8, 2004, Judge Edward Miller of the South Carolina Thirteenth Judicial Circuit issued an order indicating that there was a clerical error in the CDR codes on Petitioner's sentencing sheets. Judge Miller ordered the CDR codes be changed to reflect the proper CDR codes. Petitioner states that this order caused SCDC to change his release date from February 8, 2008 to March 12, 2013. Petitioner contends that his sentences have fully expired and that no means of meaningful relief in state court exist. Petitioner requests an emergency evidentiary hearing, and immediate release from custody.

## PROCEDURAL HISTORY

The present petition is Petitioner's second § 2254 petition. Petitioner's first petition, Civil Action Number 8:07-00357-MBS, was filed on February 5, 2007. In his first petition, Petitioner raised the following grounds for relief: 1) "violation of fourteenth [sic] Amendment Right to due process" because "the State of South Carolina has failed to comply with the mandate of law"; 2) "deprivation of due process, lack of subject matter jurisdiction," because "the court improperly amended a court order (sentencing sheet)"; 3) "deprivation of due process, lack of subject matter jurisdiction," because "Petitioner was convicted for [sic] a charge not contained in the indictment";

2

4) "Fourteenth Amendment claim, deprivation of due process, Fraud on the 'court,' subject matter jurisdiction" because "the states [sic] expert witness knownly [sic] procured Petitioners [sic] conviction through malicious, false and unsubstantiated testimony, and unvarifiable [sic] evidence"; 5) "Factual Innocence," because "there is no valid determination of the Corpus Delicti in this case"; and 6) the "indictment does not state a crime" because neither "the mens rea nor actus reas is present in the indictment in question." Civil Action Number 8:07-00357-MBS, Entry 1 at 6-14. This petition resulted in a grant of summary judgment for the respondent on March 31, 2008 because the petition was untimely and Petitioner's claims were procedurally barred. Civil Action Number 8:07-00357-MBS, Entry 34. After the denial of a motion for relief from judgment on September 16, 2008, Civil Action Number 8:07-00357-MBS, Entry 42, Petitioner appealed this court's decision to the United States Court of Appeals for the Fourth Circuit on October 10, 2008. Civil Action Number 8:07-00357-MBS, Entry 43. The Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal on May 1, 2009. Civil Action Number 8:07-00357-MBS, Entry 46.

## DISCUSSION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination on any portions of the Report and Recommendation to which a specific objection is made. *Id.* The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

In his objections, Petitioner contends that the present petition is not successive because "[P]etitioner is not challenging his conviction nor sentence i.e. they have expired. This current

petition is challenging the extended term of incarceration that [SCDC] has imposed upon him." Entry 13 at 1. Petitioner specifically contends that Judge Miller's order did not affect his sentence because the corrections were never made on the proper form. The court has conducted a *de novo* review of the complaint and concurs with the Magistrate Judge's recommendation. Under 28 U.S.C. § 2244(b)(3), successive habeas corpus petitions may only be filed with leave from the appropriate court of appeals. "In order to qualify as a successive petition, the dismissal of the first habeas petition must be on the merits." *Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002). Under Fourth Circuit precedent, the "dismissal of a habeas petition for procedural default is a dismissal on the merits for the purposes of determining whether a habeas petition is successive. *Id.* at 379-80. It is clear from the procedural history of this case that Petitioner raised the issue of the change on his sentencing forms in his first § 2254 petition, which was dismissed for procedural default. Therefore, the present petition is successive.

## **CONCLUSION**

Based upon the foregoing, the within petition for writ of habeas corpus is dismissed without prejudice and without issuance and service of process. The court adopts the Report and Recommendation and incorporates it herein by reference. Petitioner can seek authorization from the Fourth Circuit Court of Appeals to file a successive petition. *See* 28 U.S.C. § 2244(b)(3)(A).[1] The court denies Petitioner a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b)(2).

---

[1] Petitioner can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit at 1100 E. Main St., Richmond, Virginia 23219.

**IT IS SO ORDERED.**

                                                                              <u>s/ Margaret B. Seymour</u>
                                                                              The Honorable Margaret B. Seymour
                                                                              United States District Judge

May 13, 2010
Columbia, South Carolina