IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Christopher A. Vaughn, | ) | |
| | ) | C.A. No. 8:09-2878-MBS |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Warden Reed, Manning Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Movant Christopher A. Vaughn is an inmate who is currently housed at the Manning Correctional Institution. On November 9, 2009, Movant filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions and sentences imposed by the Greenville Court of General Sessions in 1999. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. On November 23, 2009, the Magistrate Judge issued a Report and Recommendation recommending that Movant's case be dismissed without prejudice and without issuance and service of process upon finding that the petition is successive. On December 15, 2009, Movant filed objections to the Report and Recommendation. On January 6, 2010, Movant amended his objections to the Report and Recommendation. After a careful review of the record, the court entered an order adopting the Magistrate Judge's Report and Recommendation summarily dismissing Movant's § 2254 petition as successive on May 13, 2009. On May 28, 2010, Movant filed a Motion to Alter or Amend the Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and a Motion for Declaratory Judgment, which motions are now before the court.

## BACKGROUND

Movant's habeas corpus petition is the second such petition filed by Movant. Movant's first habeas corpus petition, Civil Action Number 8:07-00357-MBS, was filed on February 5, 2007. In his first habeas corpus petition, Movant raised the following grounds for relief: 1) "violation of fourteenth [sic] Amendment Right to due process" because "the State of South Carolina has failed to comply with the mandate of law"; 2) "deprivation of due process, lack of subject matter jurisdiction," because "the court improperly amended a court order (sentencing sheet)"; 3) "deprivation of due process, lack of subject matter jurisdiction," because "Petitioner was convicted for [sic] a charge not contained in the indictment"; 4) "Fourteenth Amendment claim, deprivation of due process, Fraud on the 'court,' subject matter jurisdiction" because "the states [sic] expert witness knownly [sic] procured Petitioners [sic] conviction through malicious, false and unsubstantiated testimony, and unvarifiable [sic] evidence"; 5) "Factual Innocence," because "there is no valid determination of the Corpus Delicti in this case"; and 6) the "indictment does not state a crime" because neither "the mens rea nor actus reas is present in the indictment in question." Civil Action Number 8:07-00357-MBS, Entry 1 at 6-14. Movant's first habeas corpus petition resulted in a grant of summary judgment for the respondent on March 31, 2008 because the petition was untimely and Movant's claims were procedurally barred. Civil Action Number 8:07-00357-MBS, Entry 34. After the denial of a motion for relief from judgment on September 16, 2008, Civil Action Number 8:07-00357-MBS, Entry 42, Movant appealed this court's decision to the United States Court of Appeals for the Fourth Circuit on October 10, 2008. Civil Action Number 8:07-00357-MBS, Entry 43. The Fourth Circuit denied a certificate of appealability and dismissed Movant's appeal on May 1, 2009. Civil Action Number 8:07-00357-MBS, Entry 46.

In his second habeas corpus petition, Movant states that approximately four and one-half years into Movant's sentences, SCDC inquired with the Greenville County Solicitor's Office regarding discrepancies in Movant's sentencing sheets. According to Plaintiff, on January 8, 2004, Judge Edward Miller of the South Carolina Thirteenth Judicial Circuit issued an order "conceding to the discrepancies in [Movant]'s sentencing sheets and authorizing CDR codes changes be made to [Movant]'s sentencing sheets." Entry 1-1 at 1. Movant states that this order caused SCDC to change his release date from February 8, 2008 to March 12, 2013. Movant contends that his sentences have fully expired and that no means of meaningful relief in state court exists.

## DISCUSSION

Although Rule 59 addresses grounds for new trials, some courts have reasoned that the concept of a new trial under Rule 59 is broad enough to include a rehearing of any matter decided by the court without a jury. 11 Wright & Miller, Federal Practice & Procedure § 2804. Notwithstanding the broad nature of Rule 59, motions for reconsideration are disfavored. They are not a matter of routine practice. Settino v. City of Chicago, 642 F. Supp. 755, 759 (N.D. Ill. 1986). Several courts have observed that they are neither expressly cognizable under the Federal Rules of Civil Procedure nor authorized by the local rules of the district court. See, e.g., Fisher v. Samuels, 691 F. Supp. 63, 74 (N.D. Ill. 1988).

Motions for reconsideration are inappropriate merely to introduce new legal theories or new evidence that could have been adduced during the pendency of the prior motion. Keene Corp. v. International Fidelity Ins. Co., 561 F. Supp. 656 (N.D. Ill.), aff'd, 736 F.2d 388 (7th Cir. 1982). The Fourth Circuit recognizes only three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new

3

evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076 (4th Cir. 1993). The Fourth Circuit has emphasized that mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. Id. (citing Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

In Movant's 59(e) motion, he merely reiterates the arguments raised in his second habeas corpus petition and contends he is entitled to release. As the Magistrate Judge and court have previously explained, Movant's second habeas corpus petition was summarily dismissed because it was successive. "In order to qualify as a successive petition, the dismissal of the first habeas petition must be on the merits." Harvey v. Horan, 278 F.3d 370, 379 (4th Cir. 2002). Under Fourth Circuit precedent, the "dismissal of a habeas petition for procedural default is a dismissal on the merits for the purposes of determining whether a habeas petition is successive. Id. at 379-80. Movant raised the issue of the change on his sentencing forms in his first § 2254 petition and this petition was dismissed for procedural default.

Movant has not established an intervening change in controlling law, new evidence, or a clear error of law. Therefore, the court hereby finds that Movant's Motion to Alter or Amend the Judgment (Entry 26) is **denied**. Likewise, Movant's Motion for Declaratory Judgment (Entry 27) is also **denied** because it merely reiterates the arguments asserted in Movant's second habeas corpus petition.

**IT IS SO ORDERED.**

                                                                        s/ Margaret B. Seymour
                                                                        The Honorable Margaret B. Seymour
                                                                        United States District Judge

October 15, 2010
Columbia, South Carolina